IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| AUDREY ALLEN HIMES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-227-R |
|  | ) |  |
| ARTURO SALDANA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate appearing pro se, filed an amended complaint under 42 U.S.C. § 1983 alleging Defendant Saldana used excessive force in handcuffing him when he was a pre-trial detainee at the Garfield County Jail. Doc. 6. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Officials filed the court-ordered Special Report, Doc. 18, and Special Report Supplement, Doc. 34, and Defendant Saldana seeks summary judgment, Doc. 19.[1] Plaintiff responded, Doc. 21, Defendant Saldana replied, Doc. 22, and Plaintiff sur-replied, Doc. 26. After thoroughly reviewing the pleadings, motions, and evidentiary materials, the

---

[1] Although Defendant Saldana submitted his motion as a "motion to dismiss or in the alternative for summary judgment," Doc. 19 (all-capitalization omitted), he relies on evidence outside the amended complaint. *Id.* The undersigned treats his motion as one for summary judgment.

undersigned recommends the court grant Defendant Saldana's motion for summary judgment.

## I. Plaintiff's claim.

According to Plaintiff, Defendant Saldana handcuffed Plaintiff too tightly, causing "cuts and a fracture" to his left wrist. Doc. 6, at 6.[2] In addition to his alleged physical injuries, Plaintiff claims he suffered "mental anguish" because Defendant Saldana had "access to [P]laintiff" and might "possibly do[] more harm." *Id.* Plaintiff sues Defendant Saldana in his individual capacity only. Doc. 28.

## II. Defendant Saldana's motion for summary judgment.

The undersigned recommends the court grant summary judgment to Defendant Saldana.

### A. Standard of Review.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way,' and it is material 'if under the substantive law

---

[2] Unless otherwise noted, page citations refer to this Court's CM/ECF pagination. Also, unless otherwise indicated, the undersigned has reprinted all quotations verbatim.

it is essential to the proper disposition of the claim.'" *Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014) (citation omitted). When considering the parties' affidavits and depositions the court will "'examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the nonmoving party.'" *Id.* (citation omitted). "But where, as here, the record contains videotapes capturing the events in question, the court 'views the facts in the light depicted by the videotape.'" *Borneman v. Rozier*, 398 F. App'x 415, 418 (10th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 381 (2007) (internal brackets omitted)). Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. "Importantly, in opposing a motion for summary judgment, the non-moving party 'cannot rest on ignorance of facts, on speculation, or on suspicion.'" *Bird v. W. Valley City*, __ F.3d __, 2016 WL 4183957, at *6 (10th Cir. 2016) (citing *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

B. **The material facts for purposes of summary judgment.**

According to Plaintiff, Defendant Saldana handcuffed his left wrist so tightly it caused "cuts and a fracture" and "mental anguish." Doc. 6, at 6.

3

Plaintiff points to undisputed evidence the handcuffs left red marks on his wrist. Doc. 18, Exs. 6, 21.

Defendant Saldana agrees he handcuffed Plaintiff, but denies the handcuffs were too tight or fractured Plaintiff's left wrist. Doc. 19, at 7-8, 15. To support his facts, Defendant Saldana produces evidence showing medical personnel x-rayed Plaintiff's left wrist and the radiologist determined Plaintiff's wrist was not fractured. *Id.* at 14-15 (citing Doc. 18, Ex. 28). To counter this evidence, Plaintiff argues a medical technician *told* him his wrist was fractured. Doc. 21, at 1-2. Defendant Saldana agrees the medical technician made this comment, but argues the radiologist's final report shows no fracture. Doc. 19, at 15.

The undersigned finds Plaintiff's "evidence" insufficient to create a genuine factual dispute. That is, even in light of the medical technician's *opinion*, a reasonable jury could not find Plaintiff's wrist was fractured based on the medical *evidence. See, e.g., Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict."). So, for purposes of summary judgment, the undersigned considers it undisputed the handcuffing

4

did not facture Plaintiff's wrist. *See Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Defendant Saldana also provides video footage of the incident. While the video does *not* conclusively show whether Officer Saldana applied Plaintiff's handcuffs too tightly, it does establish:

- Defendant Saldana handcuffed Plaintiff through the door slot. Doc. 18, Ex. 24, at 1:04:53-1:05:05; *see also* Doc. 34, at 1-2 (identifying the individuals in the video).

- Defendant Saldana and the other officers were calm, and neither the officers nor Plaintiff exhibited physical aggression during or after handcuffing. Doc. 18, Ex. 24, at 1:04:30-1:17:32.

- Plaintiff's left wrist was handcuffed for approximately three minutes before Officer Saldana released his left wrist and secured Plaintiff with only his right wrist handcuffed. *Id.* at 1:04:53-1:07:42.[3]

---

[3] When Plaintiff and his cellmate are released from their cell, Defendant Saldana is standing off-camera. Plaintiff walks towards him and thus also moves off camera. So, the viewer cannot actually see Defendant Saldana releasing Plaintiff's left wrist from the handcuffs. However, the viewer can see a female officer releasing Plaintiff's cellmate's left wrist, and when she finishes, Defendant Saldana reenters the camera view. When the camera shifts to Plaintiff, his left wrist is no longer handcuffed. Doc. 18, Ex. 24, at 1:07:29-107:53, 1:10:03.

5

- Plaintiff showed no signs of physical or emotional distress and he moved his left hand and wrist several times after the left handcuff was removed. *Id.* at 1:07:29; 1:10:03-1:17:32.

Plaintiff challenges the video evidence, claiming "something isn't right with the video" "because [Plaintiff] held his hands up while handcuffed to show the camera that he was injured but, the video shows different." Doc. 21, at 3. But the video *does* capture Plaintiff making what appears to be an upward gesture. Doc. 18, Ex. 24, at 1:16:59-1:17:06. Further, the undersigned finds Plaintiff's challenge to the video evidence conclusory and speculative; therefore, the court should adopt the facts as depicted in the video. *See Borneman*, 398 F. App'x at 418; *Bird*, 2016 WL 4183957, at *6.

### C. Excessive force standard.

Because Plaintiff was, at the time, a pre-trial detainee, an "objective standard" applies to his excessive force claim under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474-76 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case[,]'" and the court "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Ordinarily, the court would consider factors such as "the relationship between the need for the use of force and the

amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Graham*, 490 U.S. at 396). However, "in cases in which the handcuffing is permissible yet the *manner* of handcuffing may render the application of force excessive, the *Graham* factors are less helpful in evaluating the *degree* of force applied." *Koch v. City of Del City*, 660 F.3d 1228, 1247 (10th Cir. 2011) (citation and internal quotation marks omitted). So, in order to succeed on a manner-of-handcuffing claim, "a plaintiff must show some actual injury that is not de minimis, be it physical or emotional." *Id.* (citation and internal quotation marks omitted); *see also A.M. v. Holmes*, __ F.3d __, 2016 WL 3999756, at *20 (10th Cir. 2016) ("[W]e have said that 'our precedent requires a showing in a handcuffing case of an actual, non-de minimis physical, emotional, or dignitary injury to succeed on a claim.'" (citation omitted)).

**D. Defendant Saldana's manner of handcuffing.**

As noted above, for purposes of summary judgment, the undisputed facts are:

- Defendant Saldana handcuffed Plaintiff.

7

- Plaintiff's left wrist was handcuffed for approximately three minutes and he demonstrated no distress, frequently moving his left wrist after Defendant Saldana released it from the handcuffs.

- The handcuffs left red marks on Plaintiff's wrist.

- The handcuffing did not fracture Plaintiff's wrist.

*See supra* § II(B). With these facts, the undersigned finds Plaintiff has failed to show his red marks and alleged mental anguish constitute "some actual injury that is not de minimis . . . ." *Koch*, 660 F.3d at 1247 (holding plaintiff's medical evidence, showing only "'some sores on her wrist and arms,'" from too-tight handcuffs was insufficient to "show an actual injury that is not de minimis"); *see also Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007) (citation omitted) (rejecting plaintiff's excessive force claim based on too-tight handcuffs because "[t]he only evidence in the record is his affidavit that the handcuffs left red marks that were visible for days afterward[]" and holding "[t]his is insufficient, as a matter of law, to support an excessive force claim if the use of handcuffs is otherwise justified"); *Martin v. City of Okla. City*, __ F. Supp. 3d __, 2016 WL 1529927, at *10 (W.D. Okla. 2016) (granting defendant summary judgment on plaintiff's excessive force claim relating to handcuffing because plaintiff's "evidence of only abrasions and a wrist sprain" did not establish "more than a de minimis injury"); *Pearce v. Lucero*, No. 11-cv-01514-PAB-BNB, 2012 WL 2000859, at *5 (D. Colo. June 5, 2012)

(unpublished district court order) (granting defendants' motion to dismiss, because "although plaintiff alleges that being held back by the handcuffs caused extreme pain, there is no indication that he suffered anything other than temporary, de minimis harm"); *Chaney v. Hassett*, No. 3:11-cv-801-J-32JBT, 2014 WL 1364639, at *5-6 (M.D. Fla. April 7, 2014) (unpublished district court order) (finding plaintiff's allegation he suffered "stress, depression, paranoia and anxiety" did not show more than de minimis injury); *Whitlow v. City of Sumiton*, No. 6:12-cv-1077-PWG, 2012 WL 4479269, at *7 (N.D. Ala. Aug. 31, 2012) (unpublished magistrate judge's recommendation) (finding plaintiff's claim she suffered "serious mental anguish" from handcuffing alleged no more than a de minimis injury), *adopted*, 2012 WL 4476674 (N.D. Ala. Sept. 20, 2012) (unpublished district court order). Accordingly, the court should grant Defendant Saldana's summary judgment motion.[4]

### III. Recommendation and notice of right to object.

The undersigned recommends the court grant Defendant Saldana's motion for summary judgment, Doc. 19. If the court adopts this recommendation it will moot Plaintiff's pending motion for summary

---

[4] Based on this finding, the undersigned does not address Defendant Saldana's remaining defenses.

judgment, Doc. 23, and motion to take a handwritten deposition, Doc. 32. Adoption will also terminate the referral.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 26th day of October, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 6th day of October, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE